Lawrence County v. Coffman.

---

LAWRENCE COUNTY v. COFFMAN.

1. COUNTY COURT: *For levying taxes and making contracts, etc.*
The levying of county taxes and making appropriations for county expenses, must be by the county court when held by the county judge and justices of the peace. The making of contracts and allowances for county expenses must be by the court when held by the county judge alone.

41—36

2. INSTRUCTIONS: *Abstract not admissible.*

It is not error to refuse the admission of evidence which would be legal and competent if taken in connection with other facts, when evidence of those facts is not also offered.

3. EVIDENCE: *Legal in connection with other facts: When rightly refused.*

Where there is no evidence before the court upon which a correct declaration of law can be based, it is abstract, and should be refused.

4. COUNTY COURT: *Its unauthorized contracts not avoidable collaterally.*

The county court has no authority to make contracts for the support of paupers in excess of the appropriations for that purpose; but such contract, if made, can not afterwards be avoided, either by the county court or the circuit court, on appeal, in a collateral proceeding.

APPEAL from *Lawrence* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*Henderson & Caruth*, for appellant:

*James W. Coffman, per se,* for appellee:

County court, under constitution, has exclusive jurisdiction of all matters concerning paupers, etc. See, on same point, *Act* 1875, *sec.* 78; *pp. of Pamph. Acts,* 144–5; 30 *Ark.,* 764.

Section 672 of Gantt's Digest not repealed. Jurisdiction will not be controlled. 10 *Ark.,* 428; *Knight v. Sharpe,* 24 *Ark.,* 602.

No evidence that the contract was in excess of appropriations.

*Coody,* same side :

County court had full power to make the contract. *Const. of* 1874, *Art. VII, sec.* 28; *Art. XIX, sec.* 16; *Gantt's Digest, secs.* 672 to 674; *Act of* 1875, *pp.* 1 *and* 2, *secs.* 1 *and* 3; 27 *Ark.,* 166.

Doctrine of *ultra vires* does not prevail to work a wrong

or defeat the ends of justice. *Ohio & Miss. R. R. v. Mc-Carty, 6 Cent. Law Journal, p.* 287. Whole contract not necessarily void, if part *ultra vires. Lewis v. City of Clarendon, 7 Cent. Law J.,* 287.

Contract, being matter of record, can not be altered after the term. 2 *Ark.*, 26; 6 *ib.*, 282; 10 *ib.*, 241; 27 *ib.*, 206 *and* 295; 30 *ib.*, 604; 32 *ib.*, 676. County can not reap benefit of contract and refuse to pay. 2 *Par. on Cont.*, 271; 17 *Ark.*, 228; 20 *ib.*, 424; 25 *ib.*, 225; 21 *Ala.*, 797.

Orders of the court can not be collaterally attacked. 6 *Eng.*, 519; 19 *ib.*, 499; 12 *ib.*, 84; 13 *ib.*, 507; 25 *ib.*, 52; 31 *ib.*, 74. It is a court of superior jurisdiction.

Where contract is regularly made, the competency of the parties is presumed. *Killian v. Badgett,* 27 *Ark.,* —.

ENGLISH, C. J. It seems that the county court of Lawrence county, composed of the county judge and justices of the peace, at the October term, 1877, appropriated $1,507.50 for the payment of the pauper expenses of the county for the fiscal year extending from the first of July, 1877, to the first of July, 1878.

That the same court, composed as above, at the October term, 1878, appropriated from the funds to be raised by the tax-levy of 1878, for the pauper expenses of the county, $1,500.

At the January term, 1878, the county court (the county judge sitting alone) made a contract, by order of record, with James W. Coffman to support and maintain all county paupers for and during the year 1878, at the rate of $35 *per capita* per month, he to furnish them with all necessary food, clothing, bedding, medical attention and medicines, payable in county warrants, out of the funds appropriated for the pauper expenses of the county. He was to be paid

in cash upon the first quarter, $110, being proceeds of the sale of the poor-house then on hand. He was to receive paupers on the written orders of the county judge, and discharge them when they became of sufficient ability to support themselves, charging for the time he kept them, at the above rate. The order of court was made in accordance with, and accepting, a bid made by him for keeping the paupers.

At the January term of the county court, 1879, he presented to the court for allowance, under his contract, an account for $735, for keeping seven paupers for three months at $35 per month each.

On the oral evidence produced the court was of the opinion that the account was excessive, and should not be allowed for the amount stated on its face, but that the rate of $8.75 *per capita* per month was sufficient, and the court allowed that sum for each pauper per month, making the whole allowance $183.75, and directed the clerk to issue a warrant for that sum. Coffman moved for a new trial, which was refused, and he appealed to the circuit court, where there was a trial anew before that court, second of April, 1879.

On the trial, Coffman read in evidence, from the record of the county court, his contract for keeping the paupers, the substance of which is stated above; also his account, with the affidavit of its correctness thereto attached; and the defendant, the record shows, admitted the performance of the services charged for in the account, but denied the validity of the *contract* on the ground that it exceeded the amount of the appropriation for pauper expenses for the year 1878.

" The defendant offered" (the bill of exceptions states) " to introduce as evidence the records of the county court, showing the amount of appropriation for pauper expenses

Lawrence County v. Coffman.

for the year 1878 to be less than the amount of the contract, as follows, to-wit:"

Here, follow in the bill of exceptions, copies of the two entries in the county court record, showing the appropriation of $1,507.52, at the October term, 1877, and $1,500 at the October term, 1878, for pauper expenses, as stated in the beginning of this opinion.

" Which " (the bill of exceptions adds) " was refused by the court, to which defendant excepted."

It does not appear from the bill of exceptions that defendant offered to introduce any other evidence.

Defendant asked the court to hold as the law of the case that if the county court made a contract with plaintiff for keeping the paupers of 1878 in excess of the amount appropriated for that year, such contract was void.

Which the court refused to hold as law, and defendant excepted.

The court held the contract valid, and gave judgment in favor of Coffman for the amount of his account, and ordered it to be certified to the county court.

Defendant moved for a new trial on the grounds: First, that the court erred in holding that the contract of plaintiff for keeping the paupers was valid, etc. Second, in refusing to admit evidence that the amount of the contract was in excess of the appropriation for the year 1878.

The motion was overruled, and defendant took a bill of exceptions, and appealed.

I. It is the constitutional province of the county court when composed of the county judge and justices of the peace, to levy county taxes and make appropriations for expenses of the county, in the manner prescribed by law. *Art. VII., sec. 3, Const. of 1874.*

1. COUNTY COURT: How composed for levying taxes and making appropriations.

The county court when held by the judge alone, makes contracts, allowances for county expenses, orders warrants

For making contracts, etc.

for payment, etc., within the scope of its jurisdiction, under legislative regulation. (*1b., sec. 28, etc.*). By section three of the act of December 7, 1875 (*Acts of 1875, p. 53*), in force when the contract in question was made, it was provided: "That no county court, or agent of any county, shall hereafter make any contract, or *allowance*, on behalf of the county, in excess of the appropriation made for the current year," etc. This section of the act was expressly repealed by the act of May 18, 1879 (*Acts of 1879, p. 111*), and section nine of that act provided that: "No county court, or agent of any county, shall hereafter make any *contract* on behalf of the county, unless an appropriation has been previously made therefor, and is wholly, or in part unexpended."

In *Worthen v. Roots et al., 34 Ark., 369*, it was decided, on review of the constitutional and legislative provisions, that county courts could not make *contracts* without, or in excess of the appropriations, though they might make *allowances*, and order warrants, for necessary legal expenses not covered by appropriations.

2. INSTRUCTION: Abstract not to be given.    The declaration of law moved for appellent, "that if the county court made a contract with plaintiff in 1878, in excess of the amount appropriated for pauper expenses for that year, such contract was void," was abstract, there being no evidence before the court, and none offered, on which such a declaration of law could be based.

There was nothing on the face of appellee's contract, as entered of record, to render it invalid. It was for keeping the paupers for the year 1878, at $35 each per month, and he was to be paid out of funds appropriated for that purpose. How many paupers were on hand when the contract was made, or how many he kept during the year, or how much, if any sum (except the $110 advanced to him on the first quarter from proceeds of sale of the poor-

Lawrence County v. Coffman.

house), had been paid him before he presented his account in question for $765, for keeping seven paupers for three months, at $35 per month, does not appear, and there was no offer of evidence as to these facts. The contract being regular on its face, and purporting to be based on an appropriation, if made without, or in excess of appropriation, it was incumbent on appellant, who attacked its validity, to show it. The subject-matter being within the jurisdiction of the county court, its action is presumed to be regular until the contrary is shown.

II. Appellant offered no evidence, except the two entries showing the sums appropriated for pauper expenses, and he offered them to show that the amount appropriated for the year 1878, was less than the amount of the contract. 3.EVIDENCE Legal, in connection with other facts, when rightly refused.

If they had been admitted, they would not have proved that fact, for the contract was for no total definite sum.

If the purpose of appellant had been to prove the amount of the appropriation, and to follow that up by other evidence that the appropriation had been exhausted by previous allowances to appellee on his contract, or that only a part of the account in suit could be paid out of some balance of the appropriation unexpended, and such purpose had been indicated to the court, then the record entries offered in evidence should have been admitted as a basis for such other proof, but no such purpose appears to have been shown or intimated to the court. *State v. Jennings, etc., 10 Ark., 446.*

It does not appear that the county court cut down the amount with the view to bring it within the appropriation, but because the court was of opinion that the charge per pauper was excessive, and that $8.75 for each one per month was sufficient. But of this, it was not in the power of the court then to judge. Appellee had a contract made and entered of record at a previous term of the court for 4. COUNTY COURT: Its unauthorized allowances not avoidable collaterally.

$35 per month for each pauper; no appeal had been taken from the order making the contract. Neither the county court nor the circuit court, in the collateral proceeding, could cut down the contract except to bring allowances under it within the appropriation.

Upon the whole record we find no error prejudicial to appellant for which the judgment should be reversed.

Affirmed.