SHINN v. TUCKER.

1. PRACTICE IN CIRCUIT COURT: *Verifying pleadings from Justice's Court.*
   It is not necessary to verify pleadings in a Justice's Court, either oral or written; nor, when amended, on appeal, in the Circuit Court.

2. EVIDENCE: *Of payment by services, etc., without plea of set-off.*
   When the nature of the defense to an action on a note is, that the defendant had rendered services for the plaintiff and given him orders for money, with a mutual view to a settlement of the notes, evidence of the services and orders is admissible, without pleading them as set-off.

3. NEW TRIAL: *Disqualification of juror concealed on voire dire; Affidavit.*
   An affidavit of the plaintiff that he is informed since the trial, and believes, that one of the jurors was related to the defendant in the fourth degree, both by blood and affinity, and that he did not disclose the fact on his examination on the *voire dire*, without stating what the relationship was, and without proof of it, will not sustain a motion for new trial.

4. INSTRUCTIONS: *To find according to "weight" or "preponderance" of testimony.*
   Where there is a conflict of testimony upon a plea of payment, an instruction to the jury that the defendant is entitled to a verdict, if, upon the whole testimony in the cause, his plea appears to be sustained by the *"weight"* of evidence, should not be given. The word "weight" is not synonymous with "preponderance."

5. PRACTICE: *Verdict should be on preponderance of evidence.*
   In a civil action it is the duty of a jury to find a verdict in accordance with the preponderance of the testimony; but they need not be satisfied of its truth, in the sense of resting upon it confidently. That principle belongs to criminal law.

6. INSTRUCTIONS: *Applicable only to the particular case; Admissions*
   Instructions are not intended to settle abstract principles of law. They are

Shinn v. Tucker.

given for the guidance of juries in the particular case with reference to the testimony, and it is dangerous to rely upon them as abstract and immutable principles, applicable in all cases.

(The instructions as to admissions in *Frazier, Ad.,* v. *Prater and wife,* 11 *Ark.,* 267, critic'sed).

7. SAME. AS TO ADMISSIONS : *Strength or weakness of evidence.*

Since the adoption of the Constitution of 1874 (Art. VII., Sec. 23), it is the exclusive province of the jury to judge of the strength or weakness of any facts to support an issue, and the court should not instruct them as to the force of evidence.

8. ADMISSIONS : *The jury, the judge of their weight.*

Statements in the nature of, or tending to prove admissions, are always admissible, and should be considered and given such weight by the jury as they may think them entitled to, without any advice of the court as to their force.

APPEAL from *Pope* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*W. C. Ford,* for appellant :   (Prepared by himself).

1.   Pleadings under the Code must be verified ; *Gantt's Dig., sec.* 4591 ; excepting immaterial and other amendments named, may not be. *Ib.,* 4624.   A rule asked was refused, requiring defendant to verify, not *an amendment to an answer,* but an *amended answer,* filed in Circuit Court after appeal taken from Justices' Court.   Must not parties now, as before Code pleadings were adopted, if they elect to plead in writing, be governed by the rules of pleading when in Circuit Court ?   *Pennington* v. *Gibbons,* 1 *Eng.,* 447.

2.   The verdict of the jury was contrary to the preponderance or weight of evidence, as instructed by instruction number one, given for plaintiff, and number three, given for defendant.   *Davis and others* v. *Sams,* 28 *Ark.*

Defendant offered no testimony but his own, and no rebutting testimony whatever to that of plaintiff and his

Shinn v. Tucker.

witnesses. 1 *Green. Ev., sec.* 197, *and sec.* 13*a; Yarborough* v. *Arnold et al,* 20 *Ark.*

When a new trial will or will not be granted upon insufficiency of supporting evidence—5 *Ark.,* 514; 21 *Ib.,* 278; *Tupp & Son* v. *Dowell et al,* 33 *Ib.,* 811; *Walworth* v. *Finnegin, Ib.,*751—puts a limitation on the rule, that verdict will not be set aside, if any evidence to support it. When parties testify as to matters within the knowledge of both, and material evidence of one party is not denied by the other, it is presumed to be true. *Matthews* v. *Lanier,* 33 *Ark.,* 91. New trial should be granted on insufficient evidence, when. See *Proffat on New Trial, sec.* 471–2, and authorities there cited, especially *Hicks.* v. *Manees,* 19 *Ark.,* 701; *Nichol* v. *Williamson,* 44 *Ill.,* 48; 41 *Ill.,* 314, saying, "in actions ex contractu, where verdict is *against preponderance* of evidence, new trial should be granted."

3. Matters of defense in the nature of set-off not admissible in proof under simple plea of payment. *Hill* v. *Austin,* 19 *Ark.,* 230. Could only be admitted where plea contained also special averments, that it had been mutually agreed that the special items of indebtedness pleaded by defendant were to be received in payment by plaintiff.

What is payment, and how proven under common law plea, as in this case? 2 *Bouv., sec.* 1, 311; *Same, Plead. and Ev.,* 612; *Wait on Ac. and Def., Cal.* 7, 473, defines plea of payment generally, and also set-off, under Code practice. *Ib.,* 7 *vol., sec.* 2, *p.* 475. How set-off pleaded under Code. *New. Plead. and Prac.,* 580; *Robinson* v. *Mace,* 16 *Ark.,* 97; 2 *Estes' Code Plead.,* 775. Does not Code pleading require plea of payment to state *how* and *in what way payment was made,* to carry out object and intention of our Code practice? *Sec.* 4569, *par.* 1, 2, 3 *and* 4; *Sec.* 4599 *Gantt's Digest.*

4. Court erred in refusing instruction five, asked by

plaintiff, and in giving instruction four, asked by defendant, and in giving instruction six, in lieu of five, refused. Those given are not only abstract, and do not fit the evidence, but go beyond the authority of the court, and characterize certain evidence of plaintiff as "weak in itself." *Con.* 1874, *Art.* 7, *Sec.* 23, as construed in *Randolph et al* v. *McCain*, 34 *Ark.*, 703.

*F. W. Compton*, also for appellant:

1. The evidence insufficient to sustain verdict. As to what *must be proved* to show payment in such cases, see *Armisted* v. *Brooks*, 18 *Ark.*, 521.

2. . The first and second instructions for defendant, taken together, confused and misled the jury; the jury did not understand *"preponderance of evidence,"* in the first, and *"weight of testimony,"* in the second, as meaning one and the same thing. A misunderstanding by the jury of the rulings of the court is good grounds for new trial. *Sumner* v. *State*, 5 *Blackf.*, 579; *Fain* v. *Cornett*, 25 *Ga.*, 184; *Haskins* v. *Haskins*, 9 *Gray*, 390; see also *Wood* v. *Steamboat*, 19 *Mo.*, 529; *Armisted* v. *Brooks*, 18 *Ark.*, 521; *Boullemet* v. *State*, 28 *Ala.*, 83; *Ferguson* v. *Fox*, 1 *Met.*, *Ky.*, 83; *Clark* v. *McElvy*, 11 *Cal.* 154.

3. The fourth instruction abstract and misleading. *Hopkins* v. *Fowler*, 39 *Maine*, 568; *Harrison* v. *Thompson*, 9 *Ga.*, 310; *Dunlap* v. *Robinson*, 28 *Ala.*, 100; *Haney* v. *Marshall*, 9 *Md.*, 194; *Armisted* v. *Brooks*, 18 *Ark.*, 521.

*W. W. Mansfield*, for appellee.

1. The evidence was conflicting, and new trial will not be granted on any opinion as to its preponderance. The bill of exceptions discloses no "plain, palpable mistake," and no finding without evidence, by the jury. There was no abuse of discretion in refusing to set aside the verdict.

*McGatrick* v. *Wason*, 4 *Oh. St.*, 566 ; *Remington* v. *Harring-ton*, 8 *O. R.*, 507 ; *Isham* v. *Fox*, 7 *O. St.*, 320 ; *Danville, etc., T. R. Co.* v. *Stewart*, 2 *Met.*, 132 ; 2 *Nash. P. & P.* (*4th Ed.*), *pp.* 1043–4 ; *Lindsay* v. *Wayland*, 17 *Ark.*, 385 ; 24 *Ark.*, 183 ; 23 *Ark.*, 32 ; *Id.*, 61 ; 33 *Ark.*, 757 ; 34 *Ark.*, 632.

2.  The objection that the evidence of defendant tended to prove a set-off, rather than payment, is without weight after judgment. " Substantial justice is not, under our practice, to give way to mere form." *Gantt's Digest, Section* 4619 ; *Washington et al.* v *Love*, 34 *Ark.*, 93. And this case originated in a Justice's Court, where the pleadings may be oral, and are hardly expected to be formal.

But the objection to the evidence, for want of relevancy, was not well taken, and there was no error in overruling it. Proof of the delivery of property, or the performance of labor, accepted as a payment, will support a plea of payment. *McDonald* v. *Faulkner*, 2 *Ark.*, 477–8 ; 2 *Green-leaf's Ev.* (*3d Ed.*), *Sections* 516–519 ; *Farmers' and Citizens' Bank, etc.* v. *Sherman, N. Y.*, 69 ; *Boyd* v. *Meeks*, 2 *Den.*, 322 : 2 *Estes Pleading*, 453.

3.  There was no error, to the prejudice of the plaintiff, in giving or refusing instructions. 1 *Greenleaf's Ev.*, *Sec.* 200 ; *Prater* v. *Frazier and Wife*, 11 *Ark.*, 251.

4.  The Statute does not require the answer to be verified, in Justice's Courts, and no verification of the amended answer was necessary on appeal. But want of verification is no ground for a new trial.

5.  The evidence of Russell and Munday could have been discovered and produced at the trial by reasonable diligence. Their evidence, however, is clearly cumulative, and its discovery furnishes no ground for new trial. *Burriss* v. *Wise*, 2 *Ark.*, 33 ; *Olmstead* v. *Hill, Id.*, 346 ; *Bourland* v. *Skinner*, 11 *Ark.*, 671 ; *Kirkpatrick* v.

*Wolfe*, 17 *Ark.*, 96; *Berry* v. *Elliott*, 25 *Ark.*, 89; *Robins* v. *Fowler*, 2 *Ark.*, 133.

6. The Code expressly provides against the ninth ground of the motion for a new trial. *Gantt's Digest, Sec.* 3657; *Whitehead* v. *Wells*, 29 *Ark.*, 99.

EAKIN, J. Upon the remand of this cause to the Circuit Court, under the opinion in 33 *Ark.*, 421, it was there tried by a jury upon the issue of payment alone, in which trial the verdict was for the defendant. After motion for a new trial, overruled, the plaintiff again appealed.

After the remand, the plaintiff moved for a rule upon defendant to verify his amended answer. This answer was before this court on the former appeal, and treated as good. Any objection to it was closed by the decision then rendered. It is still insisted upon by counsel in argument, and, as it was passed *sub silentio* before, it may not be amiss to say, now, that pleadings before justices, whether written or oral, may be without verification; and when the transcript is removed to the Circuit Court, on appeal, there can be no objection to allowing amendments on the same terms, under the sound discretion of the Circuit Judge.

<span style="float:right">1. PRACTICE IN CIRCUIT COURT: Verifying pleadings from J. P's court.</span>

As to payment, the evidence on trial was conflicting The defendant, assuming the burden, introduced some tending to show that, by mutual understanding, he had, at divers times, rendered services, and given an order for money, to plaintiff, to be applied in payment of the notes, to an amount sufficient to cover those sued upon. Upon the other hand, the plaintiff introduced some to show other proper appropriations of the services and order; and that nothing had, in fact, gone to the notes in suit, beyond the amounts thereon credited. In the course of the trial the plaintiff objected to any evidence at all being given by

<span style="float:right">2. EVIDENCE, of payment by services, etc., without plea of set-off.</span>

defendant, of subsequent services rendered, or moneys fur-
nished, by defendant, without a plea of set-off.   The objec-
tion was overruled, and it is made one of the grounds for a
new trial.   The nature of the defense was that the services
and order had been rendered and given with a mutual view
to the settlement of the notes.   Proof of them was essential
to the defense ; although it was further necessary to show
the mutual understanding.   There was no error in admitting
the proof, primarily ; and the jury were, as we shall here-
after see, properly instructed as to the effect of it, if not
connected with proof of acceptance of the services, etc.,
by plaintiff, as payment.

Upon all the evidence, we would not feel authorized to
disturb the verdict merely upon a comparison of its weight.
This rule, of course, has its limits, and must not be con-
strued to give juries unlimited license to render shocking
and unreasonable verdicts, in gratification of predelictions,
or prompted by passion or prejudice, merely by availing
themselves of some dim show of evidence.   No more defi-
nite rule can be formulated than this ; and each case must
always depend upon its own circumstances.   Whilst judges
can not wholly ignore their own reason, and the common
sense of mankind, in considering of verdicts, they will,
nevertheless, in deference to the peculiar province of juries
in our system, concede to them the power of determining
for themselves the weight of evidence, under proper instruc-
tions as to the law, and without any appearance of undue
influence, passion, or prejudice.   The practical application
of the rule may be in some cases difficult, in which cases it
were best to leave verdicts undisturbed.   This case does not
present any such appearances, at least so manifestly as to
annul the verdict.   It must be determined on the instructions.
Before proceeding to discuss them, we will first dispose of

some of the other grounds set forth in the motion for a new trial.

One of them was on account of newly discovered evidence. Without going into detail, it is sufficient to say that the motion does not satisfactorily show due diligence, nor does it appear, from the circumstances, that the matters were of such a nature as might not have, by ordinary diligence, been discovered. A considerable portion of it was cumulative; and, altogether, it does not appear that the Circuit Judge abused his discretion in the refusal.

The principles governing the practice in new trials have been often discussed, and as this case presents nothing new with regard to them, it is not expedient to swell this opinion, upon this point, beyond the mere announcement that we have examined the points, and concur with the ruling of the Circuit Judge.

It is alleged, as ground for new trial, that one of the jurors was related to the defendant, both by blood and affinity, within the fourth degree, and failed to disclose the same upon his examination on *voir dire*. The motion is supported by the affidavit of plaintiff alone, who merely says in general terms, that since the trial he has been informed and believes that the juror was related to the defendant in the fourth degree, without stating what the relationship was.

3. NEW TRIAL: Disqualification of juror concealed on his voire dire.

It would be very unjust to the juror to subject him to the moral imputation of perjury, upon such an affidavit.

Affidavit.

The information may not have been correct, and the juror may have had a different opinion of the relationship.

Besides, the objection came too late. There was no showing of fraud intended or wrong done, or collusion on the part of defendant. See *Daniels* v. *Guy et al.*, 23 *Ark.*, 50; *Fain* v. *Goodwin*, 35 *Ib.*, 109.

Recurring to the instructions, it is necessary further to

premise that the plaintiff had introduced divers witnesses, who testified that the defendant had, before the commencement of the suit, and since, admitted his indebtedness to plaintiff, and had offered a tract of land in satisfaction.

4. INSTRUCTIONS:
To find according to "weight" or "preponderance" of testimony

The court, on defendant's motion, substantially instructed the jury, against plaintiff's objections, that the burden of proof, under the issue of payment, being on the defendant, it must, to justify a verdict in his favor, appear, from *a preponderance of evidence*, "that he paid to the plaintiff the whole amount due on the notes sued upon, and that the payment, if not made in money, was made by the delivery of property, or performance of labor, which was accepted by the plaintiff as payment."

But "it is not necessary that he should support his answer by such evidence of payment as leaves no doubt upon the minds of the jury. He is entitled to a verdict if, upon the whole testimony in the cause, his answer appears to be sustained by the *weight* of testimony, however slight such *weight* may be."

But for the change of expression from "*preponderance*" in the first instruction to "*weight*" in the second, the two together would have contained a full, complete, and well formulated statement of the law applicable to the evidence. *Preponderance* is something more than weight. It is a *superiority* of weight, *outweighing*. The words are not synonymous, but substantially different. There is generally a *weight* of evidence on each side in case of contested facts. But juries cannot properly act upon the weight of evidence, in favor of the one having the onus, unless it overbear, in some degree, the weight upon the other, in their opinion. Doubtless, His Honor meant weight in its comparative sense; and so persons, used to discriminate the exact import of words, would understand him, in connection with the first instruction; but the mass of even intelligent men seize

upon the general import of words and particular phrases,. without construing them as qualified by others. It can hardly be said, however, that the charge was erroneous. It was good, taken altogether, but the plaintiff, on his part,. had the right to have any obscurity concerning it so cleared as to prevent the jury from being misled.

This he first attempted by asking the court to instruct the jury that the defendant " must establish by a preponderance of evidence such payment, *to the satisfaction of the jury.*"

This might have thrown the jury upon Scylla in avoiding Charybdis. It is never necessary in a civil case that a jury should be satisfied of the truth of their verdict, in the sense of resting upon it confidently. That principle belongs to criminal law. Civil verdicts should be given on preponderance alone for the party whose evidence, considered alto-- gether, *outweighs.* that of the other as to the fact in issue ;. or against the one having the onus, if, on the whole, the weight seems balanced. The modification asked might have led the jury to suppose it necessary for the defendant to prove payment beyond a reasonable doubt. It was prop- erly refused.

5. VER-
DICT: Should
be on pre-
ponder-
ance of
evidence.

But by another instruction, (the 5th,) the plaintiff asked the court to instruct the jury that the burden was on the defendant to prove the payment by a preponderance of tes- timony ; " and unless the jury believe that such preponder- ance of testimony exists, taking into consideration all the testimony in the cause, they will find for the plaintiff."

This instruction was good, and necessary in connection with those given for defendant. The court refused it, and we think committed an error. The instructions given for defendant, if they had not been obscured by the change of language, would have superseded it ; but the plaintiff, as it was, had the right to his also.

6. INSTR-
UCTIONS:
Applica-
ble only to
particular
case—Ad-
missions.

Upon the subject of admissions, the court charged for defendant, against the objections of plaintiff, that they should be received with caution ; and if, they should believe that the statements of defendant, relied on as admissions, were made, if at all, long after the execution of the notes sued on, and in casual conversation, and without reflection, they were in themselves " weak evidence."   " But," continued the court, " it is for the jury to consider such statements with all the facts and circumstances of the cause, and so form their opinion of the weight to be attached to them."

The court refused to instruct for the plaintiff that admissions made by a party against his interest, as to indebtedness, are to be taken against the party making, and that if the jury believe that defendant admitted that he owed all or any part of the defendant's claim, by offering to pay said claim in property or otherwise, they will find for the plaintiff.   In lieu thereof, the court, of its own motion, and against objections, instructed the jury that if they believed that the defendant admitted his indebtedness to the plaintiff, and proffered to pay such indebtedness in property, or otherwise, but did not do so, such admissions, "if made fully and fairly, and on occasions to call out the truth, and upon reflection, may be considered by the jury as evidence tending to establish such indebtedness."

The instruction upon this point, asked by plaintiff, is somewhat objectionable in its phraseology.   An offer to pay a debt in property or otherwise, may go to a jury as evidence to be considered by them, of an implied admission that it was just and unpaid.   It is not in itself, however, conclusive or binding.   It may have been made to buy peace, or by way of compromise.   Or a conscientious debtor might, as often happens, make such an offer in an uncertain condition of his own mind, as to whether the debt had been paid or

not. Such an offer is rather evidence tending to show an admission, than the means of making a binding admission. It is for the jury to say. The instruction requested seems amenable to this criticism, that it might convey to the jury the impression that an offer to settle was in itself an admission, upon finding which, it would be their duty to find for the creditor. The refusal of this instruction could not be held erroneous.

The instruction given on this point, at the request of defendant, that the admissions should be received with caution, etc., and that the statements, under certain hypothetical conditions, were weak evidence, is based upon an instruction given in *Prater, ad.* v. *Frazer and wife* approved by this court in 11 *Ark.*, 267. Instructions are not intended to settle abstract principles of law. They are given for the guidance of juries in the particular case, with reference to the testimony, and it is dangerous to rely upon them as abstract and immutable principles applicable and proper in all cases. That case was one in which the title to slaves was contested, which title was claimed to have originated long before the suit in another State. The statements of defendant, relied on as admissions, were made five or six years before the trial. Under the circumstances the court sustained the instructions to the jury, that statements so made, were "the weakest possible evidence admitted in courts of justice." The opinion is based upon the old case of *Myers* v. *Baker, Hardin* 549, which was not, at all, a case involving the propriety of instructions to a jury, It was a case in chancery, and the remarks were made by the judge, delivering the opinion, *arguendo*, in estimating the evidence. There is certainly no objection to the reasoning, and intelligent jurors would be apt to pursue the same train. It is not necessary, however, now to question the propriety of the decision in 11 *Ark.* (*supra*), to the effect that the court might characterize the

Instructions to be confined to particular case.

ADMIS-
SIONS:

Strength
or weak-
ness of, as
evidence.

evidence in instructions to the jury, as *weak or strong*. What-. ever evils may have resulted from the practice have been since precluded by the present Constitution, which in seem-. ing jealousy of the influence of the bench, provides (*Art. VII, Sec.* 23) that "judges shall not charge juries with regard to matters of fact, but shall declare the law." It is the exclusive province of the jury, now, to judge, in the first. instance, of the strength or weakness of any facts to support an issue. In accordance with the spirit of the Consti-. tution this court held in *Randolph et al.*, v. *McCain, ad.*, 34 *Ark.*, 703, that it was improper in a judge to indicate to a jury that the remedy by attachment was a harsh one,. as tending to prejudice their feelings. There is equal mischief to be apprehended from the practice of instructing the jury as to the force of the evidence.

Jury to
judge of
their
weight.

Even if such a cautionary instruction were at some times. allowable, we find nothing in this case to justify it. The. evidence does not seem to raise the suspicion that the state-. ments of the defendant, relied upon to prove admissions, were made under such circumstances, as to call for such a. cautionary charge. The instruction should have left it entirely with the jury to judge of the effect of the statements as it did in the conclusion, but *without* the preliminary expression of the court regarding its weakness. There was error in giving it as asked for defendant.

We think also that the instruction given, on this point,. by the court of its own motion was too severely qualified.

Statements in the nature of or tending to prove admissions, are always admissible to be considered by the jury, and should be considered, and have such weight as the jury may consider proper, in leading their minds to a conclusion. Juries reasoning for themselves, with their knowledge of human nature, and human motives, and ordinary human conduct, can estimate their force under the circumstances,.

The instruction given by the court of its own motion, seems to impose upon the plaintiff the onus of showing that the statements were full and fair, and on occasions to call forth the truth, and upon reflection, before they could be considered at all by the jury.

The true rule applicable to this case is, that admissions of defendant, are competent proof for the plaintiff that the debt was due in whole or in part, but not conclusive, and it must be left to the jury to determine from the evidence whether the statements amounted to admissions, which they will do upon consideration of the time, place, manner and circumstances of the statements ; and whether there be any rebutting circumstances to show that the admissions, if made were untrue. And these should be left to them without advice of the court as to the force of the testimony.

On account of the mistaken instructions of the court, as above indicated, and their tendency to mislead the jury to the prejudice of the plaintiff, we think a new trial should have been granted, and that the court erred in refusing it.

Reverse and remand for further proceedings.