TERRY *v.* CLARK.

Opinion delivered February 3, 1906.

1. INFANT'S PROPERTY—FATHER'S CONTROL AS EVIDENCE OF OWNERSHIP.— It was error, in a suit by infants to recover personal property inherited from their deceased mother from a creditor of their father who had procured an attachment to be levied on it as property of their father, to permit defendant to prove that the plaintiffs' father used and controlled the property after the death of their mother, as such fact did not tend to prove that the father owned the property. (Page 569.)

2. INSTRUCTIONS—SHOULD NOT BE ABSTRACT.—Instructions are not intended to settle abstract questions of law, but to guide juries with reference to the evidence in the case, and therefore should not be foreign to the issue in the case, nor inapplicable to the evidence. (Page 569.)

Appeal from Hempstead Circuit Court; JOEL D. CONWAY, Judge; reversed.

*Feazel & Bishop,* for appellants.

Instruction No. 1 was erroneous, there being no evidence of a gift by D. P. Terry to plaintiffs, and it was foreign to the issues. 37 Ark. 580; 7 Ark. 470; 16 Ark. 628; 41 Ark. 282. It was error to admit testimony to the effect that D. P. Terry used and controlled the property after the death of plaintiff's mother. 43 Ark. 320.

In the absence of a conflict in testimony, the jury have no right to arbitrarily disregard the testimony. 53 Ark. 96; 66 Ark. 439; *Ib.* 513; 67 Ark. 514. This court will set aside the verdict when it is so clearly against the weight of evidence as to shock one's sense of justice. 21 Ark. 468; 24 Ark. 224; 26 Ark. 309; 40 Ark. 169; 34 Ark. 632.

*Jas. H. McCollum,* for appellees.

Even if the testimony objected to, and the instruction No. 1, were improper, the judgment on the whole record was right, and should be affirmed. 44 Ark. 556; 46 Ark. 542; 69 Ark. 442; 69 Ark. 632.

BATTLE, J. Carroll and Due Price Terry, by their next friend, brought an action against A. B. Clark and others, and alleged in their complaint that they are minors, having no guardian; that on 16th day of June, 1903, they were the owners of certain household furniture, of the aggregate value of $97; and that A. B. Clark, claiming that D. P. Terry was indebted to him, sued out an attachment against him before the mayor of Hope and *ex-officio* justice of the peace, and caused Augustus Kyle, marshal of the town of Hope, to levy the same on the furniture of plaintiffs, to their damage in the sum of $97.

They asked for judgment for $97 against the defendants.

The defendants answered, and denied that the plaintiffs were the owners of the property; and alleged that D. P. Terry was indebted to the defendant, Clark; that Clark sued out an order of

attachment against D. P. Terry before the mayor of Hope and *ex-officio* justice of the peace, and caused the same to be levied upon the property claimed by the plaintiffs; and that it was the property of D. P. Terry.

Evidence was adduced by the plaintiffs in the trial of this action tending to show that the furniture in question belonged to Gertrude Terry in her lifetime, and that she died about seven years before the trial, and that she was their mother, and they inherited the property from her. They are minors under the age of sixteen years. D. P. Terry is their father. He married the second wife after the death of their mother.

The defendants were allowed to introduce evidence, over the objections of the plaintiffs, to prove that D. P. Terry used and controlled the property in question after the death of their mother, as other married people use and control their property.

The court gave the following instruction to the jury, over the objections of the plaintiffs:

"You are instructed that if D. P. Terry gave this property to Carroll and Due Price after he was indebted to Clark, you will find for Clark in this case. If you believe Carroll and Due Price were the owners of this property before his indebtedness to Clark, you will find for Carroll and Due Price Terry."

The defendants recovered judgment.

The evidence objected to by the plaintiffs was incompetent, and should not have been admitted. The jury might have inferred from the admission of it that it was admitted for the purpose of showing that D. P. Terry was the owner of the property. No possession and control of the property by him was evidence of his ownership. He was the father of plaintiffs, and they were minors, and it was his duty to possess and control their property for their benefit. The evidence was prejudicial.

The instruction objected to by plaintiffs should not have been given. There was no evidence that D. P. Terry was indebted to Clark at or before the property was acquired by their mother or by them. Instructions are not intended to settle abstract questions of law, but for the guidance of juries with reference to the evidence in the case. *Shinn* v. *Tucker*, 37 Ark. 580. Neither should instructions foreign to the issue in the case, or inapplicable to the evidence, be given. *State Bank* v. *McGuire*, 14 Ark. 530;

*Lawrence County* v. *Coffman,* 36 Ark. 641; *Beavers* v. *State,* 54 Ark. 336.

Reverse and remand for a new trial.