HILGER *v.* CHRISP.

Opinion delivered April 3, 1911.

1. BRIDGE—CONSTRUCTION OF ACT FOR BUILDING.—The act of May 23, 1901, authorizing the construction of a bridge across Little Red River by the county court, together with a majority of the justices of the peace thereof, contemplated that the county levying court, composed of the county judge and the justices of the peace, might make an appropriation and levy for such purpose, and that thereafter the county court, composed of the county judge alone, should have authority to proceed to build the bridge. (Page 493.)

2. NAVIGABLE WATERS—AUTHORITY OF STATE TO BUILD BRIDGE OVER.—A State may authorize the construction of bridges over navigable rivers, which are situated within its borders, provided they do not obstruct navigation and are not in conflict with congressional legislation relative thereto. (Page 493.)

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*J. N. Rachels,* for appellants. ,

1.   The only way the bridge could.be built is under the act of 1901, § § 1, 2 and 4; Acts 1901, p. 291; Kirby's Digest, § § 548-9, 550-553.   It must be built by the county court and justices of the peace.   Kirby's Dig. § § 526-529, 548.   The act of 1901 repealed S. & H. Dig. § § 526-529.

2.   The river is a navigable stream, but *not* over 406 feet wide, and the county court had no.authority to build the bridge. Section 548, Kirby's Dig.

3.   The jurisdiction of the county court must be shown by its records, affirmatively, or its acts are invalid.   54 Ark. 627; 5 *Id.* 483; 64 *Id.* 108; 87 *Id.* 406.

4.   The plans and specifications were not specific nor definite enough for intelligent competitive bidding.   54 Ark. 645; Const. art. 19, § 16; 72 N. W. 550; 18 *Id.* 85; 1 Ct. Cl. 28-34.

5.   No authority from the U. S. Government was obtained under act March 3, 1899.   3 L. R. A. (N. S.) 1126.

·   *Cypert & Cypert,* for appellees.

1.   The act of 1901 was repealed by a subsequent act.   The Constitution gives the county court exclusive jurisdiction over *bridges,* etc.   Const. art. 7, § § 28, 30, 40.

2.   The river is over 400 feet wide.   Kirby's Dig. § 548; 54 Ark. 645.

3.   The necessary records were made by the court.   The law authorizes commissioners to be appointed.   Kirby's Dig. § § 549 to 552; 73 Ark. 524.

4.   The specifications were sufficient to admit of competitive bidding.   73 Ark. 524.

5.   It is shown that the permission of the United States Government was obtained; but even if it was not obtained, chancery courts of a State have no jurisdiction to enforce an act of Congress where no special damage is shown.   High on Inj. § 158-535; 2 Wall. (U. S.) 403.

FRAUENTHAL, J.   This was an action instituted by certain citizens and taxpayers of White County, plaintiffs below, against the county judge and other members of the board of Bridge

Commissioners of said county seeking to restrain them from entering into a contract for the construction of a bridge over Little Red River in White County.

The cause was heard in the lower court upon the pleadings and testimony adduced upon the trial before the chancellor, and a finding was made by him in favor of the defendants, and a decree was entered dismissing the complaint, from which the plaintiffs have appealed to this court.

In their complaint the plaintiffs set up a number of grounds upon which they based their contention that the proceedings taken in this matter for the construction of said bridge were unauthorized by law, and that the action of the county judge and board of bridge commissioners in letting and entering into the contract for the construction of said bridge was illegal and therefore should be enjoined. Upon this appeal, however, only two of said grounds are urged why said injunction should be granted. These are:

First. That said Little Red River is a navigable stream, and authorization was not obtained from the proper authorities of the United States government for the construction of the proposed bridge across said river; and,

Second. Because no proper plans and specifications for said bridge had been adopted.

By an act of the Legislature entitled "An act to authorize the construction of a bridge across the Little Red River in White County," approved May 23, 1901, it was provided that the county court of White County, together with a majority of the justices of the peace thereof, should be authorized to construct a bridge across said river in accordance with certain provisions of the statutes, which are now sections 549 *et seq.* of Kirby's Digest. (Acts 1901, p. 201; Acts 1903, p. 177.) In pursuance of said act of the Legislature, the county court, consisting of the county judge and the justices of the peace, at its October term of 1909, made an appropriation of $10,000 for the construction of said bridge, and at the same term of court made a levy of one mill on the dollar of all taxable property in said county for the construction thereof. Thereafter the county court, composed of the county judge alone, appointed a commission of two competent persons who, in conjunction with himself, constituted a board of

commissioners for the building of said bridge, and proceeded therein in manner provided by the above sections of Kirby's Digest.

It is urged that by reason of said act of the Legislature the county court, together with the justices of the peace of said county, was alone authorized to construct said bridge. But we do not think this contention is correct. Under the Constitution (art. 7, § 30) the full court, composed of the county judge and the justices, is a tribunal for the purposes alone of levying taxes and making appropriations for the expenses of the county, and the Legislature cannot authorize the justices to sit or act with the county judge in other matters. The county court, composed of the county judge alone, is authorized to proceed towards the construction of bridges in the county after an appropriation has been made by the levying court therefor. Constitution 1874, art. 7, § 28; *Worthen* v. *Badgett*, 32 Ark. 496; *Matter of Howell*, 36 Ark. 466; *Lawrence Co.* v. *Coffman*, 36 Ark. 641.

We think that the purpose of the above act was simply to authorize the county court, consisting of the county judge and the justices of the peace of the county, to provide for the construction of the bridge by making an appropriation and levy therefor, and that thereafter the county court, composed of the county judge alone, had full authority to proceed in manner provided by law towards the building of the bridge, and that in this respect the act is perfectly valid.

It is well settled that the State has full and complete jurisdiction over all navigable waters that are situated within its territorial limits, subject only to the paramount right of Congress to regulate commerce thereon. A State has the power to authorize the construction of bridges over navigable rivers which are situated within its borders, provided they do not obstruct navigation over such waters and are not in conflict with any Congressional legislation relative thereto. *Willamette Iron Bridge Co.* v. *Hatch*, 125 U. S. 1; *Montgomery* v. *Portland*, 190 U. S. 89; *Langton* v. *New York*, 93 N. Y. 129; 29 Cyc. 295.

It is provided by act of Congress that bridges may be built under the authority of the Legislature of a State across rivers and other waterways, the navigable portions of which lie within the limits of the State, provided the location and plans thereof

are submitted to and approved by the chief engineer of the War Department and the Secretary of War before the construction thereof is commenced. 30 Stat. at L. 1151.

It appears from the testimony adduced in this case that the board of bridge commissioners of White County, after their appointment, employed an engineer to make the plans and specifications for the construction of the bridge across said Little Red River, and also made the location thereof, and that this location and these plans and specifications were submitted to the proper officials of the War Department of the Federal Government, which duly approved the same. There was testimony introduced at the trial of the cause tending to prove the above, and we think that it was sufficient to sustain the finding of the chancellor that this was done.

It is urged by counsel for appellant that the plans and specifications adopted by the said board of bridge commissioners were not so definite in detail as required by law. In the case of *Fones Hdw. Co.* v. *Erb,* 54 Ark. 645, it was held that, before the bidding for the contract for the construction of a county bridge can be made and such contract entered into, the plan of the work and the specifications according to which it is to be done must be adopted so that the only thing to be determined by the bidders shall be the price. To accomplish that purpose, the plans and specifications should not be merely of a general character, but they must be sufficiently definite in detail so that all bidders could base their bids upon the same thing that was to be undertaken.

It appears from the testimony that, before the said board of bridge commissioners advertised for bidders to make bids for the construction of this bridge, they located the same and employed an engineer who made the plans and specifications therefor. These plans and specifications were examined by the prospective bidders, and four companies, after such examination, made separate bids for the construction of the bridge according to such plans and specifications. It therefore appears that these plans and specifications were sufficiently definite and detailed so that these bidders understood them and from them made their bids for the construction of the bridge. They were prepared by an engineer, and it is not shown that he was not competent to do this work. The question as to whether or not these plans

and specifications are definite and detailed enough to comply with the law is really one only of fact.   We have examined these plans and specifications, and we cannot say that they are not definite and detailed enough to base a competitive bidding thereon or to protect the county in the due construction of the bridge according to them.   The fact that four bidders were able from an examination thereof to base their bids thereon is evidence that they are sufficiently detailed and definite.

It is urged that they are indefinite in some particulars relating to the quality of concrete that was to be used, the exact character of the lumber that was to be provided and to some parts of the superstructure.   But we think, upon an examination of the plans and the specifications, this is fully covered by the terms of the specifications, which provide that the concrete should be of the best kind and the lumber of good quality, and by the plans, which, we think, make sufficiently definite the size and amount and kind of material which shall be furnished in the construction of this bridge.

Upon the hearing of the case below the witnesses appeared in person before the chancellor and gave their testimony, and after a careful examination of the record before us we cannot say that the finding made by the chancellor that these plans and specifications were approved by the proper officials of the War Department of the Federal Government, or that his finding that these plans and specifications are sufficiently definite and detailed as required by law, is against the preponderance of the evidence. It follows, therefore, that the decree of the chancellor should be affirmed, and it is so ordered.